NEW YORK COUNTY.—HON. D. G. ROLLINS, SURROGATE.—March, 1883.

## McClure v. Woolley.

*In the matter of the probate of the will of* ELIZABETH B. McCLURE, *deceased.*

Sworn allegations, made by one seeking the rejection of a will of personal property presented for probate, to the effect that all the property, estate, claim or demand of property or thing of value, alluded to in the will was, at decedent's death, the property of affiant (specifying the facts), accompanied with a prayer that the court make no distribution of the same to the legatee, or to any other person than affiant, does not put in issue the validity, etc., of a disposition of personal property within the provision of Code Civ. Pro., § 2624, that "if a party expressly puts in issue before the Surrogate the validity, construction or effect of any disposition of personal property contained in the will of a resident of the State, executed within the State, the Surrogate must determine the question upon rendering a decree."

THIS was a petition for the probate of decedent's will, which bequeathed personal property, presented by James H. Woolley, the executor therein named. An opposing petition was presented by William McClure, formerly decedent's husband, as follows:

"William McClure, residing at No. 355 Branan street, in the city and county of San Francisco, State of California, herewith presents to said court his claim and demand to and for all of the property, of whatever nature or kind, in the possession or under the control of said Elizabeth B. McClure, deceased, at the time of her death, and asks this honorable court that no distribution of any of the property set forth or alluded to in the last will of said Elizabeth B. McClure, now on file in this court, be awarded, distributed or given to one James H. Woolley, named in said will, or to any other person or persons except myself and my present wife, residing with me in the city of San Francisco.

"And this petitioner and claimant begs to show that all and every of the property, estate, claim or demand of property or thing of value alluded to in the last will of the said Elizabeth B. McClure, or in her possession or under her control, at the time of her death, was, as this petitioner and claimant believes, the property of this petitioner and claimant and his present wife. [Facts concerning the alleged ownership are then set forth.]

"Wherefore your petitioner and claimant prays that no distribution of any of the property, claim or interest of which the said Elizabeth B. McClure died possessed, or which was in her name or under her control, be made to any other than this claimant and his legal representatives."

The proponent moved that the contestant's pleading stating his claim be set aside as insufficient on its face, and that an immediate and final disposition of the matter be made, without the delay which would necessarily result were he obliged to wait his turn upon the calendar of contested wills; contending that such an order was authorized by the practice in Ecclesiastical courts, from which that in Surrogates' courts is derived, and citing Langdell Summary of Eq. Pl., par. 6: "There was no pleading corresponding to a demurrer with us. Instead of that, every pleading had to be submitted to the judge before it could be pleaded. If it was not objected to by the adverse party, it would generally be admitted as of course. If it was objected to, the judge would hear an argument and would then make an order admitting or rejecting the pleading, as the case might be."

The contestant's counsel opposed the motion as irregular and unauthorized by any rule of practice or statutory provision; and insisted that the objection raised was good under section 2624 of the Code, providing that "if a party expressly puts in issue before the Surrogate the validity, construction or effect of any disposition of personal property contained in the will of a resident of the State, executed within the State, the Surrogate must determine the question upon rendering a decree."

ROGER FOSTER, *for the motion.*

WM. F. PITSHKE, *opposed.*

THE SURROGATE.—For aught that is alleged upon the files of this court, the instrument offered as decedent's

will should, in accordance with the provision of section 2623 of the Code be admitted to probate. The paper filed as an objection does not, within the meaning of section 2624, "put in issue the validity, construction or effect," of a disposition of personal property. It is not necessary, therefore, that this matter should go upon the calendar of contested cases. There need be no delay in the examination of the subscribing witnesses.

Ordered accordingly.